UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL SULLIVAN

    *Plaintiff*

v.

GENERAL MOTORS LLC

    *Defendant*

CIVIL ACTION

NO. 2:24-cv-2309 _____

NEW ORLEANS DIVISION

JUDGE_____

MAGISTRATE JUDGE
_____

JURY TRIAL REQUESTED

### PETITION FOR DAMAGES

#### I.   Parties

1. Made Plaintiff herein is **MICHAEL SULLIVAN** (hereafter "Plaintiff"), an adult of the full age of majority domiciled in the State of Florida.

2. Defendant **GENERAL MOTORS LLC (also 'Defendant' or 'GM')** is a Delaware limited liability company with its principal place of business Detroit, Michigan. **GM** is 100% owned by **General Motors Holdings LLC**. **General Motors Holdings LLC** is 100% owned by **General Motors Company**. As of January 24, 2024, BlackRock, Inc. reported owning 10% of **General Motors Company** stock.

**GM** is the manufacturer and warrantor of the vehicle that Plaintiff purchased and is a merchant in goods of the kind involved in this case. Defendant's agent for the service of process is **CORPORATION SERVICE COMPANY, 450 LAUREL STREET, 8TH FLOOR, BATON ROUGE, LA 70801.**

## II. Jurisdiction

3. This court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a) because Plaintiff and the Defendant are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

This court also has supplemental jurisdiction under 28 USC §1367 over the Plaintiff's state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

## III. Venue

4. Venue is proper in this parish pursuant 28 U.S.C. §1391(b)(1).

## IV. Conditions Precedent

5. All conditions precedent have been performed or have occurred.

## V. Facts

### A. The Transaction

6. On or about **AUGUST 03, 2023**, Plaintiff purchased a **NEW 2023 GMC SIERRA1500 PICK UP, VIN: 3GTUUEEL8PG341562** (the "Vehicle") from **JULIAN FOY MOTORS, LLC** located in **MANY, LOUISIANA**, an authorized **GM** dealer. The Vehicle was purchased primarily for Plaintiff's personal use.

7. The sales price of the Vehicle was **$81,315.56**, plus other costs and charges but excluding finance charges.

### B. Actionable Conduct

8. When delivered, the Vehicle was defective in materials and workmanship, such defects being discovered less than one year from purchase and within the Vehicle's original

warranty period(s).

9. Since purchase, Defendant has taken an unreasonably long amount of time and repair attempts to resolve the Vehicle's defects including but not limited to the following:

> *Customer states there is a knocking sound coming from the engine. Found thrust bearing and crank discolored and rod bearing in pieces in oil pan. Found [truck's] oil is contaminated with metal. Need to replace engine and cooling components.*

and any other issues contained in the Vehicle's repair history which is available to Defendant as all repair attempts were conducted by Defendant's authorized dealer service network.

10. The Vehicle's defects substantially impaired the use, value, and safety of the Vehicle to the plaintiff to the extent that a reasonable buyer would not have purchased the Vehicle had he known of the defect or, in the alternative, not paid plaintiff's purchase price, but would still have bought it for a lesser price.

11. Plaintiff directly notified the defendant of the defects, non-conformities, and conditions in the Vehicle.

## V.  Causes of Action

12. **Count 1:  Violations of the Louisiana Redhibition Laws**

13. Plaintiff re-alleges and incorporates by reference herein each allegation set forth in the preceding paragraphs.

14. The subject Vehicle is a "thing" under La. Civil Code Articles 2520, et seq.

15. **GM** is a "manufacturer" under La. Civil Code Articles 2520, et seq.

16. **MICHAEL SULLIVAN** is a "buyer" under in La. Civil Code Articles 2520, et seq.

17. The defects described in the Vehicle meet the definition of a redhibitory defect as defined in La. Civil Code Articles 2520, et seq.

18. Plaintiff provided the defendant sufficient opportunities to repair the defective Vehicle.

19. Plaintiff has performed every duty required of them under Louisiana Redhibition Laws, except as may have been excused or prevented by the conduct of the defendant, as herein alleged.

20. The hidden defects in the Vehicle existed at the time of sale but were not discovered until after delivery. The Vehicle was not usable, or its use is so inconvenient that neither plaintiff nor a reasonably prudent buyer would have purchased the Vehicle had they known of the defects prior to the sale.

21. This conduct by the defendant constitutes a breach of Louisiana law, and entitles Plaintiff to a reduction or partial, return of the purchase price, plus all collateral costs of the sale, finance charges, insurance premiums, and out of pocket expenses.

22. Under Louisiana Redhibition laws, plaintiff is entitled to recover a sum equal to the aggregate amount of costs and expenses, including attorney's fees, if plaintiff prevails. As a proximate result of defendant's misconduct as alleged herein, and to protect his rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for plaintiff to employ the legal services of the undersigned attorneys. Plaintiff has incurred and continue to incur legal fees, costs, and expenses in connection therewith.

## VI.   Damages

23. The conduct described above has been and is a producing and proximate cause of damages to Plaintiff.

24. Plaintiff's damages include reduction of the sale price including all collateral costs at the time of the sale, all finance charges, insurance premiums, maintenance costs, repair costs,

damages, general damages, together with applicable penalties and attorney fees allowed by law, and with legal interest upon the entire sums awarded from the date of sale or judicial demand, whichever is applicable, until paid, and for all costs of these proceedings.

## VII. Request for Rescission

25. Plaintiff is entitled to recover a sum equal to the aggregate amount of costs and expenses, including attorney's fees, if plaintiff prevails. As a proximate result of defendant's misconduct as alleged herein, and to protect their rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for plaintiff to employ the legal services of the undersigned attorneys. Plaintiff has incurred and continue to incur legal fees, costs, and expenses in connection therewith.

## VIII. Prayer for Relief

26. For these reasons, Plaintiff, prays for judgment against **GM** for the following:

   a. For general, special, and actual damages according to proof at trial.

   b. Rescission of the Vehicle's sale and return to Plaintiff the purchase price including all collateral costs at the time of the sale, all finance charges, insurance premiums, maintenance costs, repair costs, and damages. In the alternative, a reduction of the price paid, pursuant to La. Civ. Code Art. 2541, according to proof at trial.

   c. For incidental and consequential damages according to proof at trial.

   d. Out of pocket damages for expenditures related to any cost of repairs, deductibles; cover; renting replacement vehicles, and towing charges.

   e. Past and future economic losses.

   f. Prejudgment and post-judgment interest.

   g. Attorney fees.

      h.      Costs of suit, expert fees, and litigation expenses; and

      i.      All other relief this Honorable Court deems appropriate.

## IX. Demand for Jury Trial

27.    Plaintiff hereby demands trial by jury to the extent authorized by law.

Respectfully submitted,

*/s Benjamin Z. Wise*
Benjamin Z. Wise (#27330)
WISE PLLC
Post Office Box 4641
Jackson, Mississippi 39296
Telephone: (601) 500-7484
Facsimile: (866) 311-7480
Email: ben@wisepllc.com
**Physical Address:**
2906 North State Street
Jackson, Mississippi 39216

: